**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GARY TOMAS, derivatively on behalf of**
**EMCORE CORPORATION,**

      **Plaintiff,**

**vs.**                                                                                        **No. CIV-09-0236 WJ/LAM**

**THOMAS J. RUSSELL, et al.,**

      **Defendants,**

**EMCORE CORPORATION,**

      **Nominal Defendant.**

## ORDER DENYING *UNOPPOSED MOTION TO STAY ACTION PENDING RESOLUTION OF MOTIONS TO DISMISS FEDERAL CLASS ACTIONS AND DISPOSITION OF STATE DERIVATIVE ACTION (Doc. 7)*

      **THIS MATTER** is before the Court on the parties' *Unopposed Motion to Stay Action Pending Resolution of Motions to Dismiss Federal Class Actions and Disposition of State Derivative Actions (Doc. 7)* (hereinafter "*Motion*"). The Court, having reviewed the *Motion*, the record of the case and relevant law, and being otherwise advised in the premises, **FINDS** that the *Motion* is not well-taken and should be **DENIED**.

      In their *Motion*, the parties state that this shareholder derivative action (hereinafter the "Federal Derivative Action") "is one of several related matters pending in federal and state courts across the country," including "several related federal securities class actions pending in the United States District Court for the District of New Mexico" (hereinafter the "Federal Class Actions"), and

"a shareholder derivative action pending in the State Court of New Jersey" (hereinafter the "State Derivative Action").  *Id.* at 2.  According to the ***Motion***, the Federal Derivative Action is brought derivatively on behalf of EMCORE Corporation and "seeks to hold the Individual Defendants responsible for any damages resulting to [EMCORE Corporation] from [] purported violations of the federal securities laws."  *Id.*  The Federal Class Actions are based on allegations that EMCORE Corporation and other defendants (including some of the individual defendants in the Federal Derivative Action) violated securities laws.  *Id.*  The State Derivative Action is brought derivatively on behalf of EMCORE Corporation asserting state law claims against the same individual defendants as in the Federal Derivative Action.  *Id.* at 3.

In support of their ***Motion to Stay***, the parties state that the Federal Class Actions involve "some of the Individual Defendants" in the Federal Derivative Action (*id.* at 3), that "[t]he Federal Class Actions are anticipated to be consolidated and a new consolidated complaint will follow thereafter," and that "[t]he defendants in the Federal Class Actions intend to bring a motion asking the federal court to rule on the legal sufficiency of the of the consolidated Class Action complaint" (*id.* at 2).  The parties state that because of "the similarity between the allegations in the Federal Class Actions and the Federal Derivative Action[], the resolution of the defendants' motion to dismiss in the Federal Class Actions may impact the allegations in the Federal Derivative Action[]," and, therefore, the parties ask the Court to stay the Federal Derivative Action pending resolution of the anticipated motion to dismiss the Federal Class Actions.  *Id.* at 2.  In addition, the parties state that "[t]he State Derivative Action involves the same nominal defendant asserting the same state law claims against the same individual defendants as the Federal Derivative Action," and, therefore, "[i]n the interest of judicial efficiency and to avoid duplication of effort by all involved," ask for a stay of the Federal Derivative Action until resolution of the State Derivative Action.  *Id.* at 3.

The Court is required under the Local Rules and the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to move its cases forward. *See* D.N.M. LR-Civ. 41.1 (stating that a civil action may be dismissed if no steps are taken to move the case forward within 90 calendar days), and 28 U.S.C. § 473(a)(2)(B) (stating that district courts shall, with some exceptions, set deadlines for discovery and motions and set "early, firm trial dates," in order to reduce delays in litigation); *see also* the United States District Court for the District of New Mexico's Civil Justice Expense and Delay Reduction Plan implemented as required by the Civil Justice Reform Act.  The Court finds that the parties' request to stay this case until a motion to dismiss the Federal Class Actions has been resolved and until the State Derivative Action has been disposed of is contrary to the Court's obligations under the Civil Justice Expense and Delay Reduction Plan.  Importantly, it does not appear to the Court, nor do the parties allege, that either a ruling on a motion to dismiss the Federal Class Actions or disposal of the State Derivative Action would dispose of this case.  Therefore, the Court does not find that any efforts by the parties in going forward with this case would be rendered moot by the outcome of the other pending litigation.  Further, the Court notes that the Federal Class Actions were only filed within the last six-months, the motions to consolidate the cases are opposed and still pending, and motions to dismiss the cases have not even been filed.  *See* CM-ECF Dockets for No. Civ. 08-1190 MV/RLP and No. Civ. 09-0133 JH/RLP.  Granting the parties' request for a stay, therefore, could result in a delay in this case of many months and possibly even years.

In support of their ***Motion***, the parties cite to cases in the Tenth Circuit and the District of New Mexico where courts have stayed proceedings pending the outcome of other cases.  ***Motion*** at 6.  The Court finds, however, that none of those courts were faced with the same request the parties are making here for an indefinite stay pending the outcome of multiple cases in different forums, none of which would dispose of the case being stayed.  *See, e.g., In re Kozeny*, 236 F.3d

3

615, 617 (10th Cir. 2000) (finding that a limited stay was appropriate pending the outcome of *one* parallel foreign case); *State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979) (approving stay of proceedings pending state case when "[a] final judgment in state court will necessarily resolve all issues before this court and the other issues arising out of the same transaction thus allowing comprehensive disposition of the litigation") (citing the United States District Court for the District of Utah's opinion); *N.M. St. Inv. Council v. Alexander*, 317 B.R. 440, 446 (D. N.M. 2004) (granting a stay pending a ruling by the Multidistrict Litigation Panel which was scheduled to consider the motion within a month).

In addition, the parties cite to cases from California and Delaware where courts have stayed shareholder derivative actions pending the outcome of securities class actions. *See* **Motion** at 6. The Court notes that these cases are not binding on this Court. Moreover, these cases are distinguishable. Unlike the present situation, two of the cases do not request a stay of a case pending the outcome of multiple actions in multiple jurisdictions. *See Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234 at *2 (C.D. Cal. Oct. 31, 2007) (unpublished) (staying derivative action pending outcome of *one* consolidated class action), and *Brudno v. Wise*, No. Civ. A. 19953, 2003 WL 1874750 at *5 (Del. Ch. Apr. 1, 2003) (unpublished) (staying derivative action pending outcome of *one* consolidated class action). The court in *Breault v. Folino*, No. SACV010826-GLTANX, 2002 WL 31974381 at *2 (C.D. Cal. Mar. 15, 2002) (unpublished), explained that it would grant a stay of the derivative action pending resolution of other class actions because the court found that prosecution of the derivative action would conflict with the company's defense of the class actions. The parties have made no such allegations here. Finally, in *In re Westell Technologies, Inc. Derivative Litig.*, No. Civ. A. 18533, 2001 WL 755134 (Del. Ch. June 28, 2001) (unpublished), the court granted a stay of a derivative action pending the outcome of class actions which had

4

already been consolidated and were set for trial in the next three months. The parties here do not allege any such imminent deadlines in the Federal Class Actions or the State Derivative Action.

While the Court is sympathetic to the parties' interest in avoiding duplicative effort and expense in these multiple proceedings, the Court is unable to grant a stay in this case for an indefinite period of time pending rulings in other cases that would not dispositively affect the outcome of this case. The Court has an alternative approach. The parties may enter in to a tolling agreement regarding any statutes of limitations and, after doing so, Plaintiff can dismiss this case without prejudice. This procedure would allow the parties to avoid litigation efforts and expenses in this case, and allows the Court to adhere to its obligations under the Civil Justice Expense and Delay Reduction Plan. Once the other related cases have been resolved, the parties can re-file this action and proceed accordingly. The Court will set a status conference to discuss this option with the parties.

**IT IS THEREFORE ORDERED** that the parties' *Unopposed Motion to Stay Action Pending Resolution of Motions to Dismiss Federal Class Actions and Disposition of State Derivative Actions (Doc. 7)* is **DENIED**.

**IT IS FURTHER ORDERED** that the parties consider entering into a tolling agreement and filing a stipulated dismissal of this litigation without prejudice. The Court will set a status conference to discuss this option with the parties, or, in the alternative, to set scheduling deadlines.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**